IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALVIN S. CARTER, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. 4:22-cv-872-O-BP |
| § | |
| STATE OF TEXAS, § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Alvin S. Carter, now purporting to proceed as Alvin Stephon Demiro Carter Estate ("Carter"), sued Defendant State of Texas on September 27, 2022. ECF No. 1. Carter's case was referred to the undersigned pursuant to Special Order 3 on April 17, 2023. ECF No. 12. On April 18, 2023, the Court granted Carter's petition for leave to proceed *in forma pauperis* subject to judicial screening under 28 U.S.C. § 1915(e)(2). ECF No. 14. Additionally, the Court ordered Carter to file an Amended Complaint that complied with the Federal Rules of Civil Procedure and the Local Civil Rules, which Carter filed on May 2, 2023. ECF Nos. 15, 16. After reviewing Carter's Amended Complaint and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS with prejudice** Carter's claims against the State of Texas.

I.   **BACKGROUND**

On September 27, 2022, Carter filed a *pro se* complaint against the State of Texas (ECF No. 1), which he later amended on May 2, 2023 (ECF No. 16). The complaint is nonsensical, and Carter never states a cause of action or alleges any coherent facts from which the Court could discern a cognizable cause of action. ECF No. 16. In his Amended Complaint, Carter's "Statement

of Claim" is three sentences: "I, Alvin S Carter have the highest claim as Trustee (Financial Interest) which equitable interest as the Grantee Absolute. This Estate is held in four Irrevocable Trust. The defendant was acting as Fiduciary without proper consent and with no Form 56 paper from the Internal Revenue Service [('IRS")] or the court of Records." ECF No. 16 at 4.

Moreover, Carter asks that the Court drop this case because the "Judges swore to uphold [ ] their Oath to the State of Texas and Constitution of the United States." *Id*. at 3. Carter then lists the different bar association memberships of all the judges of this Court. *Id*. at 6-8. Finally, Carter attaches to his amended complaint an improperly completed "Cancellation of Debt" IRS form. *Id*. 9-14.

## II.   LEGAL AUTHORITY

Because Carter is proceeding *in forma pauperis*, the Court screens his case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B)(i-ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, if the court determines that the

plaintiff has pleaded his best case, it does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

### III. ANALYSIS

#### A. Carter does not state a claim for which relief can be granted.

As noted above, Carter's Amended Complaint does not articulate a coherent legal claim capable of satisfying Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Because Carter proceeds *pro se*, his pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *Estelle*, 429 U.S. at 106 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But no amount of liberal construction could manufacture a coherent and viable claim from the few sentences that Carter has offered to the Court. He presents no supporting legal authority for his assertions, and his factual contentions are "clearly baseless" and woefully inadequate to support a claim. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). As such, Carter's claims are frivolous. *Neitzke*, 490 U.S. at 325. Accordingly, Judge O'Connor should dismiss this case *sua sponte* for failure to state a claim on which relief can be granted. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173 (5th Cir. 2006) (holding courts may dismiss actions for failure to state a claim *sua sponte*).

#### B. Dismissal with prejudice is appropriate as future amendments would be futile.

Courts ordinarily err in dismissing *pro se* complaints for failure to state a claim without first extending an opportunity to the plaintiff to amend the pleadings. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Carter's Original Complaint never stated a cause of action or alleged any coherent facts from which the Court could discern a claim. ECF No. 1. In the Original Complaint, Carter stated that his estate "was kidnapped and held under duress," and he requests "relief from the debt collectors who deceive [him] and held [him] under duress." *Id*. at 3-4. Because

the Complaint did not meet the basic pleading requirements, the Court ordered Carter to file an amended complaint that succinctly stated his claims and the grounds for the Court's jurisdiction. ECF No. 15 at 1. However, despite the Court's instructions to him on how to properly file an amended complaint, Carter filed an incoherent amended pleading that still states no facts to support a viable legal claim. ECF No. 16. The Court gave Carter ample opportunity to amend his complaint, but he failed to state facts to support a claim for relief. Accordingly, giving Carter another opportunity to amend his pleadings would be futile as he has already pleaded his best case. Thus, Judge O'Connor should dismiss his claims with prejudice.

### C. Carter cannot proceed as a pro se trustee for the Trust

Although Carter claims to be trustee of a trust, "a non-attorney trustee may not represent a trust *pro se*," *Dillard Fam. Tr. v. Chase Home Fin., LLC*, No. 3:11-cv-1740-L, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011). As a result, Carter cannot present legal claims on behalf of the trust. *Dillard Fam. Tr.*, No. 3:11-cv-1740-L, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011). And even if such claims properly were before the Court, Carter has not pleaded facts to support any claim for relief despite having an opportunity to do so after instructions from the Court.

### IV. CONCLUSION

Carter's Amended Complaint is frivolous and does not state a claim upon which relief can be granted though Carter amended his complaint once to cure any defects. Carter is not authorized to represent the claims of a trust and has not pleaded facts to support such claims even if her were represented by counsel as the trustee. Thus, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this action **with prejudice** as any further attempts at amending Carter's Complaint would be futile.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on May 22, 2023.

                                                                         Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE